UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEISER STEVEN MEDINA and FREDYS A. REYES, individually and on behalf of all others similarly situated,

                Plaintiffs,

    -against-

FRANCESCO'S ITALIAN AMERICAN BAKERY CORP., FRANCESCO'S CAFE & BAKERY INC., P & F BAKERS, INC., and FRANCESCO GUERRIERI,

                Defendants.
------------------------------------------------------------X

24-cv-03919

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs, GEISER STEVEN MEDINA ("Medina") and FREDYS A. REYES ("Reyes") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as and for their Class and Collective Action Complaint against Defendants, FRANCESCO'S ITALIAN AMERICAN BAKERY CORP., FRANCESCO'S CAFE & BAKERY INC., P & F BAKERS, INC., and FRANCESCO GUERRIERI ("Guerrieri") (collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Articles 6 and 19 of the New York Labor Law ("NYLL") to recover lost wages and other relief related to their employment with Defendants. This Action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class actions under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Medina is an adult male who resides in the State of New York.

6. Reyes is an adult male who resides in the State of New York.

7. Upon information and belief, Guerrieri is a resident of the State of New York.

8. Upon information and belief, Francesco's Italian American Bakery Corp. is a domestic business corporation duly organized and existing under the laws of the State of New York.

9. Upon information and belief, Francesco's Cafe & Bakery Inc. is a domestic business corporation duly organized and existing under the laws of the State of New York.

10. Upon information and belief, P & F Bakers, Inc. is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

**The Corporate Defendants**

11. Francesco's Italian American Bakery, Corp., Francesco's Cafe & Bakery Inc., and P & F Bakers, Inc. (collectively, the "Corporate Defendants") maintain a joint corporate headquarters and principal place of business located at 640 S. Broadway, Hicksville, New York 11801.

12. The Corporate Defendants jointly own and operate a bakery known as Francesco's Italian-American Bakery located at 640 S. Broadway, Hicksville, New York 11801.

13. At all times relevant to this Complaint, the Corporate Defendants, either individually or collectively, had and continue to have employees engaged in commerce or in the production of goods and services for commerce.

14. At all times relevant to this Complaint, the Corporate Defendants, either individually or collectively, had and continue to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

15. At all times relevant to this Complaint, the Corporate Defendants, either individually or collectively, had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiffs' employment.

16. At all times relevant to this Complaint, the Corporate Defendants were a covered joint employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, employed Plaintiffs.

17. The Corporate Defendants maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices.

**Defendant Francesco Guerrieri**

18. At all relevant times, Guerrieri was an individual engaged in business within this judicial district.

19. Guerrieri was and continues to be an owner, officer, director, shareholder, and/or managing agent of the Corporate Defendants.

20. At all relevant times, Guerrieri ran the daily operations of the Corporate Defendants.

21. At all relevant times, Guerrieri participated in the management and supervision of Plaintiffs and their work for the Corporate Defendants.

22. At all relevant times, Guerrieri exercised operational control over the Corporate Defendants, controlled significant business functions of the Corporate Defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the Corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

23. Guerrieri determined the wages and compensation of the Corporate Defendants' employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiffs.

24. At all times relevant to this Complaint, Guerrieri was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

25. Guerrieri participated in the decision to hire Plaintiffs.

26. Guerrieri participated in the decision to fire Plaintiffs.

27. Guerrieri participated in deciding the job duties that Plaintiffs performed.

28. Guerrieri participated in directing Plaintiffs' job duties and responsibilities.

29. Guerrieri participated in the supervision of Plaintiffs' job duties and responsibilities.

30. Guerrieri participated in deciding the manner in which Plaintiffs were paid.

31. Guerrieri participated in deciding the compensation Plaintiffs were paid.

32. Guerrieri was responsible for ensuring Plaintiffs were paid properly.

**Defendants Constitute Joint Employers and a Single Enterprise**

33. The Corporate Defendants are part of a single integrated enterprise that jointly employed Plaintiffs.

34. The Corporate Defendants' operations are interrelated and unified.

35. The Corporate Defendants share common management, are centrally controlled, and share common ownership.

36. The Corporate Defendants share employees, equipment, and supplies.

37. The Corporate Defendants maintain and share the same headquarters and principal place of business.

38. The Corporate Defendants share operational control over Francesco's Italian-American Bakery.

39. The Corporate Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, are jointly responsible for paying employees, and share control over the employees.

40. Guerrieri owns, operates, and/or controls the Corporate Defendants.

41. Guerrieri possesses operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

42. Each Defendant possessed substantial control over Plaintiffs' working conditions and over the policies and practices with respect to the employment and compensation of Plaintiffs.

43. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

44. Defendants managed Plaintiffs' employment, including the amount of time worked and the rates that they were paid.

45. Defendants jointly employed Plaintiffs and were Plaintiffs' employers within the meaning of the FLSA and the NYLL.

**Plaintiff Geiser Steven Medina**

46. At all relevant times, Medina was an employee of Defendants, as defined by the FLSA and the NYLL.

47. Defendants employed Medina from in or about September 2023 until on or about March 7, 2024.

48. Defendants employed Medina as a baker for their benefit and at their direction.

49. Medina's job duties included baking food and helping customers.

50. Defendants failed to properly keep and maintain time records that accurately account for the hours that Medina worked each day and each week.

51. Throughout his employment, Medina worked seven (7) days a week from 10:00 a.m. until at least 12:00 a.m., and sometimes as late as 3:00 a.m.

52. Throughout his employment, Medina worked at least ninety-eight (98) hours a week.

53. Defendants paid Medina $20.00 per hour, but only for the first sixty (60) hours of his work week. Defendants did not pay Medina any wages at all for the remaining hours each week.

54. Defendants only paid Medina straight-time for the first twenty (20) hours of overtime worked each week.

55. Defendants failed to pay Medina the full amount of overtime compensation he was entitled to for the first twenty (20) hours of overtime worked each week.

56. Defendants did not pay Medina any overtime compensation for the hours that he worked beyond sixty (60) each week.

57. Throughout Medina's employment, Defendants failed to pay him the full amount of overtime compensation to which he was entitled at a rate of one and one-half times his regular rate of pay.

58. Defendants did not pay Medina any wages at all for the final three weeks of his employment.

59. Defendants did not pay Medina spread of hours compensation at a rate of one (1) additional hour of pay at the statutory minimum wage rate for any day in which he worked longer than ten (10) hours.

60. Defendants failed to provide Medina with accurate wage notices as required by NYLL section 195(1).

61. Defendants failed to provide Medina with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

62. Defendants were aware of Medina's work hours and pay rates but failed to pay him the proper wages to which he was entitled under the law.

63. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Medina's rights.

64. Medina has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**Plaintiff Fredys A. Reyes**

65. At all relevant times, Reyes was an employee of Defendants, as defined by the FLSA and the NYLL.

66. Defendants employed Reyes from in or about April 2006 until on or about March 15, 2024.

67. Defendants employed Reyes as a baker for their benefit and at their direction.

68. Reyes' job duties included baking food and helping customers.

69. Defendants failed to properly keep and maintain time records that accurately account for the hours that Reyes worked each day and each week.

70. Throughout his employment, Reyes worked six (6) days a week, Monday through Saturday, from 9:00 a.m. until at least 11:00 p.m., and sometimes later, with a thirty-minute break per shift.

71. Throughout his employment, Reyes worked at least eighty-one (81) hours a week.

72. From at least 2016 through in or about the end of June 2019, Defendants paid Reyes $750.00 per week, regardless of the number of hours he worked.

73. From in or about the beginning of July 2019 through in or about the beginning of February 2023, Defendants paid Reyes $950.00 per week, regardless of the number of hours he worked.

74. From in or about the beginning of February 2023 through the end of his employment, Defendants paid Reyes $1000.00 per week, regardless of the number of hours he worked.

75. Throughout Reyes' employment, Defendants failed to pay him overtime compensation at a rate of one and one-half times his regular rate of pay.

76. Defendants did not pay Reyes any wages at all for the final three weeks of his employment.

77. Defendants did not pay Medina spread of hours compensation at a rate of one (1) additional hour of pay at the statutory minimum wage rate for any day in which he worked longer than ten (10) hours.

78. Defendants failed to provide Reyes with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

79. Defendants were aware of Reyes' work hours and pay rates but failed to pay him the proper wages to which he was entitled under the law.

80. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Reyes' rights.

81. Reyes has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

82. Plaintiffs, individually and on behalf of all similarly situated current and former employees of Defendants, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation owed to Plaintiffs and all other similarly situated employees.

83. Defendants' failure to pay Plaintiffs and all other similarly situated employees the compensation they were entitled to is a violation of the FLSA and/or the NYLL.

84. As a result of these unlawful practices, Plaintiffs and the similarly situated employees suffered a loss of wages.

85. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following class of persons:

> All employees who worked for Defendants at Francesco's Italian-American Bakery located at 640 S. Broadway, Hicksville, New York 11801 during any time from three (3) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter, the "FLSA Collective").

86. Plaintiffs and other members of the FLSA Collective are similarly situated inasmuch as, *inter alia*, they were required to work in excess of forty (40) hours per week without being paid overtime compensation for all such hours.

87. Defendants have known that Plaintiffs and the FLSA Collective have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive Plaintiffs and the FLSA Collective of overtime compensation by failing to properly compensate them for all time worked.

88. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and the FLSA Collective.

## STATE-WIDE CLASS ALLEGATIONS

89. Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked for Defendants.

90. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

    a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

  c.  The claims or defenses of the representative parties are typical of the claims or defenses of the class;

  d.  The representative parties will fairly and adequately protect the interests of the class; and

  e.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definition

91. Plaintiff seeks certification of a class consisting of the following individuals:

> All employees of Defendants at Francesco's Italian-American Bakery located at 640 S. Broadway, Hicksville, New York 11801 during any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

## Numerosity

92. Plaintiffs satisfy the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

93. The proposed class can be identified and located using Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail, electronic mail, and/or published and broadcast notice.

## Common Questions of Law or Fact

94. There are questions of fact and law common to each class member which predominate over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendants' actions include, but are not limited to, the following:

  a.  Whether the class members have qualified for exempt status;

  b.  Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

11

  c. Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

  d. Whether the class members have been uniformly classified as exempt from overtime requirements;

  e. Whether the class members have regularly worked in excess of 40 hours per week;

  f. Whether the class members have been expected or required to work in excess of 40 hours per week;

  g. Whether the class members have been denied regular wages;

  h. Whether the class members have been denied spread of hours compensation;

  i. Whether Defendants' failure to pay proper wages has been willful;

  j. Whether Defendants failed to provide complete and proper wage notices to class members at their hiring; and,

  k. Whether Defendants failed to provide complete and proper wage statements to class members concurrent with each payment of wages.

95. The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

96. Plaintiffs' claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiffs suffered similar injuries as those suffered by other members of the respective class they seek to represent.

### Adequacy

97. Plaintiffs are adequate representatives of the class they seek to represent because they are members of the class and their interests do not conflict with the interests of the class members they seek to represent. The interests of the class members will be fairly and adequately

protected by Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

98. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

99. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each class member to bring individual claims.

100. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

101. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

102. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

103. The Corporate Defendants were and are subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in commerce or in the production of goods for commerce.

104. At all times relevant to this Complaint, the Corporate Defendants, either individually or jointly, had and/or continue to have, two (2) or more employees handle goods or materials that have moved in interstate commerce.

105. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendants, either individually or jointly, for the years 2021, 2022, and 2023 was not less than $500,000.00 each year.

106. At all times relevant to this action, Plaintiffs and the FLSA Collective were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

107. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

108. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs and the FLSA Collective overtime compensation as required by the FLSA.

109. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

110. However, none of the Section 13 exemptions apply to Plaintiffs and the FLSA Collective because they did not meet the requirements for coverage under the exemptions during their employment.

111. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

112. Defendants did not act in good faith with respect to the conduct alleged herein.

113. As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

114. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

115. At all times relevant to this Action, Plaintiffs and the New York Class were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

116. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

117. By the above-alleged conduct, Defendants failed to pay Plaintiffs and the New York Class overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

118. By the above-alleged conduct, Defendants failed to pay Plaintiffs and the New York Class overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

119. Plaintiffs and the New York Class were not exempt from the overtime provisions of the New York Labor Law during their employment, because they did not meet the requirements

15

for any of the exemptions available under New York law.

120. Defendants acted willfully and either knew that its conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

121. Defendants did not act in good faith with respect to the conduct alleged herein.

122. As a result of Defendants' violations of the NYLL, Plaintiffs and the New York Class incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 OF THE NYLL
## FAILURE TO PAY REGULAR WAGES

123. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

124. As set forth herein, Defendants failed to pay Plaintiffs and the New York Class their regular rate of pay during their employment.

125. Defendants willfully failed to pay Plaintiffs and the New York Class their regular rate of pay in violation of Article 6, Section 190 *et seq.*, of the NYLL.

126. As a result of Defendants' unlawful practices, Plaintiffs and the New York Class have suffered a loss of wages.

127. Defendants have acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

128. Defendants have not acted in good faith with respect to the conduct alleged herein.

129. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiffs and the New York Class have incurred harm and loss in an amount to be determined at trial and are entitled to recover from Defendants their unpaid regular wages,

as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS**

130. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

131. As set forth herein, Plaintiffs regularly worked a spread of hours beyond ten (10) per day during their employment with Defendants.

132. Defendants never paid spread of hours pay to Plaintiffs and the New York Class as required by the NYLL.

133. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs and the New York Class' rights.

134. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiffs and the New York Class have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

135. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

136. Defendants willfully failed to furnish Plaintiffs and the New York Class with wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1),

in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

137. Through their knowing and intentional failure to provide Plaintiffs and the New York Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

138. Due to Defendants' willful violations of the NYLL, Plaintiffs and the New York Class are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

139. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

140. Defendants willfully failed to provide Plaintiffs and the New York Class with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

141. Through their knowing and intentional failure to provide Plaintiffs and the New York Class with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

142. Due to Defendants' willful violations of the NYLL, Plaintiffs and the New York Class are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for a sum that will properly, adequately, and completely compensate Plaintiffs and all similarly situated employees for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that Defendants committed one or more of the following acts:

        1.    Willfully violated provisions of the FLSA by failing to pay Plaintiffs and all similarly situated employees overtime compensation;

        2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiffs and all similarly situated employees overtime compensation, regular wages, and spread of hours compensation;

        3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiffs and all similarly situated employees with accurate wage notices and statements;

    B.    Award compensatory damages, including all unpaid wages, in an amount according to proof;

    C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

    D.    Award statutory damages under the NYLL;

    E.     Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

    F.     Award all costs and attorneys' fees incurred in prosecuting this action;

    G.    Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

    H.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York  
       May 30, 2024

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.  
*Attorneys for the Plaintiffs*  
4242 Merrick Road  
Massapequa, New York 11758  
Tel: 516.228.5100  
keith@nhglaw.com